BOURN et al. v. GRAY.

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1912.)

1. COURTS (§ 169*)—JURISDICTION—AMOUNT IN CONTROVERSY.

If a tender of $225 was made in full for all indebtedness, and a creditor did not accept it, but sued for $250, the matter in controversy, for jurisdictional purposes, was the entire $250, and not the $25 difference.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–436; Dec. Dig. § 169.*]

2. APPEAL AND ERROR (§ 757*) — BRIEFS — SETTING OUT INSTRUCTIONS.

An assignment of error in an instruction will not be considered, where appellant's brief does not contain the instruction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

3. SALES (§ 364*)—ACTIONS FOR PRICE—INSTRUCTIONS.

A special requested charge, in an action for a balance due on cattle sold, that if plaintiff did not deliver the cattle he had sold, and defendants had tendered the full value thereof, the jury should find for defendants was properly refused, since, under such circumstances, plaintiff would be entitled to recover the amount tendered.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 364.*]

Appeal from Mitchell County Court; A. J. Coe, Judge.

Action by J. C. Gray against F. M. Bourn and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Hamner & Wilson, for appellants. L. W. Sandusky, for appellee.

PETICOLAS, C. J. This was a suit for $250 balance on a sale of certain cattle by appel-

lee to appellants. Appellee claimed that he sold seven cows, one bull, and ten yearling calves. Appellants claimed that they purchased eight cows, one bull, one two year old heifer, and eight yearling calves, and that the value of the cattle delivered was $25 less than the cattle purchased. It seems that appellants examined the cattle and paid $50 on them at the time they bought them. Afterwards they were delivered to appellants, and no contention was then made that appellee had not delivered the kind or number of cattle sold, and the balance of the purchase price was paid by check. Afterwards this check was stopped, and appellants tendered to appellee $225. This tender was repeated, but was at all times refused by the plaintiff, because it was tendered in full of appellants' indebtedness.

[1] Appellants plead to the jurisdiction of the county court, contending that, as they had tendered $225, the matter in controversy was only the remaining $25; therefore the court had no jurisdiction. This plea to the jurisdiction was, by agreement of counsel, determined by the court, each party waiving any error that might be committed by not submitting it to the jury, and was determined adversely to appellants. In this ruling, we think there was no error. It is apparent that the tender made was in full of all indebtedness; when appellee elected not to accept such tender of $225, but to sue for $250, the matter in controversy was the entire $250. This is further evidenced by the fact that, had appellants prevailed as to the $25, the appellee would still have been entitled to judgment for $225. As has been said, however, we think the entire $250 was the matter in controversy.

[2] Appellants' first assignment of error complains of the charge of the court; but neither in the statement underlying his proposition, nor anywhere else in the brief, does he set out the charge of the court. For the reason stated, the assignment is not considered.

[3] Appellants asked a special charge, in substance, that if the jury believed that the appellee did not deliver the cattle which he had sold, and believed that the defendants had tendered the full value of the cattle delivered, they would find for the defendants. This charge was clearly incorrect, because, under the circumstances recited in the special instruction asked, the jury should have been told that they would find for the plaintiff for $225. It is apparent that the plaintiff in this case, under any phase of the case, was entitled to recover $225.

There are a number of assignments alleging error in the court's charge; but, as nowhere in the brief is the court's charge set out, we decline to consider these assignments. The case is affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes